IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ING BANK, FSB, | No. CIV S-12-0994-LKK-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| MARSHALL-EDWARDS MIKELS, et al., | |
| Defendants. | |
| _____/ | |

   This case was removed to this court from the Siskiyou County Superior Court by the defendants, proceeding *in propria persona*. This action was referred to the undersigned for all proceedings pursuant to Eastern District of California Local Rules 302-304.

   Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." See also 28 U.S.C. § 1447(c). Here, it is clear that this court lacks subject-matter jurisdiction over this action. This is the second time defendants sought to remove this unlawful detainer action from Siskiyou County Superior Court, case number YK CVF 11-00855. The court takes judicial notice of the previously removed action, Ing Bank FSB v. Mikels, 11cv2400 KJM CMK, wherein

1

the court granted plaintiff's motion to remand.[1]  This action was remanded back to Siskiyou County Superior Court on March 26, 2012.  The court determined it lacked subject-matter jurisdiction as the complaint fails to raise a federal question, and there is an insufficient amount in controversy to provide the court diversity jurisdiction.  These two issues remain to divest this court of jurisdiction over this action.

As set forth in the findings and recommendations filed in the prior action, and reiterated here without much modification, this action was originally filed as an unlawful detainer action, with a clearly defined damage claim of less than $10,000.00.  Defendants have filed what can only be construed as a cross-complaint in a futile attempt to transform this action into a federal case.

As defendants were previously informed, "[f]ederal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  In order for a federal court to have jurisdiction over a specific action, the case must either arise under the Constitution or laws of the United States or involve citizens of different states where the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1331, 1332.  "[I]t is well established that the plaintiff is 'master of her complaint' and can plead to avoid federal jurisdiction." Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 997-98 (9th Cir. 2007) (citations omitted).  "The defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).  "The removal status is strictly construed against removal jurisdiction," id., and removal jurisdiction "'must be rejected if there is any doubt as to the right of removal in the first instance.'" Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1106 (9th Cir. 2010) (quoting Gaus v. Miles, Inc., 980 F.2d

---

[1] The court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record.  See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008).  Thus, this court may take judicial notice of state court records, see Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, see Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967).

564, 566 (9th Cir. 1992) (per curiam)).

In relevant part, the federal removal statue provides:

> (a)  Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending . . . .
>
> (b)  Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(a), (b).

To the extent defendants base the removal of this action on this court's federal question jurisdiction, such jurisdiction does not exist.  District courts have federal question jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'"  Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)).  "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the *plaintiff's* properly pleaded complaint."  Placer Dome, Inc., 582 F.3d at 1091 (emphasis added).  "[A] counterclaim - which appears as part of the defendant's answer, not as part of the plaintiff's complaint - cannot serve as the basis for 'arising under' jurisdiction."  Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002).

Here, the unlawful detainer complaint filed in State court is only premised on California law.  No federal question is present, and thus no basis for federal question jurisdiction

3

appears on the face of the complaint.  Defendants' attempt to invoke federal law in their cross-complaint is insufficient to alter the nature of the complaint on which jurisdiction is based.  A defendant's counterclaim is not considered in evaluating whether a federal question appears on the face of a plaintiff's complaint.  See Vaden v. Discover Bank, 556 U.S. 49, 129 S. Ct. 1262, 1272 (2009) (stating that federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim").  Accordingly, federal question jurisdiction does not provide a proper basis for removal.

As for this court's diversity jurisdiction, the court again looks only at the plaintiff's claims in the complaint.  District courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs," and the action is between "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States."  28 U.S.C. § 1332; see also Geographic Expeditions, Inc., 599 F.3d at 1106.  When a state court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the party seeking removal must prove with "legal certainty" that the jurisdictional amount is met.  See Lowdermilk, 479 F.3d at 1000.  The complaint filed in this action states unequivocally that the amount in controversy is less than $10,000.  (Complaint at 1).  Defendants' notice of removal alleges the amount in controversy does exceed the $75,000 required, but that amount is improperly based on defendants' cross-claims for, *inter alia*, violations of the Federal Truth in Lending Act.   The amount in controversy is determined without regard to any setoff or counterclaim to which defendant may be entitled.  See Snow v. Ford Motor Co., 561 F.2d 787, 789 (9th Cir. 1977).  Thus, the amount in controversy is insufficient to provide this court with diversity jurisdiction.

The undersigned notes that defendants were made aware of all of the above in the previous action.  Defendants are cautioned that if they continue to improperly remove state court

4

proceedings, they may be sanctioned by the court as vexatious litigants.  See Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007).

Based on the foregoing, the undersigned concludes this court lacks subject-matter jurisdiction over this action, and this case should be remanded to the State court.  There is no federal question raised in the complaint, which is predicated on California state law.  In addition, no diversity jurisdiction exists as the amount in controversy is less than $75,000.

Accordingly, IT IS HEREBY RECOMMENDED that, on the court's own motion, this matter be remanded to the Superior Court of the State of California, County of Siskiyou, for lack of subject-matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  May 2, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE